# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 17-173-04 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| LONNIE D. JOHNSON (04) | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a motion captioned as a "request for minimizing the restitution payment to victims" filed by Defendant Lonnie Johnson ("Johnson"). Record Document 735. In the motion, Johnson seeks to have the Court reduce or waive the restitution imposed at sentencing. Johnson submits that because of his financial situation and limited financial support, he is unable to pay restitution. *Id.* He further submits that, because of his rehabilitation and his own allegations that the victims do not "need" restitution, he should not have to pay the restitution. *Id.* The Court interprets Johnson's filing as a motion to modify sentence.[1] This is the second motion Johnson has filed to reduce the restitution amount he was ordered to pay. *See* Record Document 684.

At the sentencing hearing in 2019, this Court ordered Johnson to pay restitution in the amount of $108,130 to three victims of his violent acts: $10,000 to CJ, $42,000 to DJ, and $55,730 to TJ. Record Document 471 at 5. The restitution is a joint and several obligation between Johnson and co-Defendant Demarcus Morris. *Id.* at 6. As the Court explained in its denial of Johnson's last motion to modify his sentence to reduce restitution,

---

[1] Johnson is a *pro se* Defendant. Courts may liberally construe filings by *pro se* parties. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

restitution in this case was statutorily mandated by 18 U.S.C. § 3663A. Record Document 685 at 1. The Court explained:

> Johnson and Morris were responsible for attempted murder and attempted robbery in a home invasion. During that crime, Johnson and a co-conspirator entered the victims' residence, where the three victims and two small children were present; they pointed their guns at the occupants and demanded money. After TJ managed to arm himself, Johnson and the co-conspirator opened fire in the living room. One of the intruder's shots grazed TJ's head. TJ fired back, managing to hit both intruders. Johnson's co-conspirator died in the living room, while Johnson fled.
>
> TJ's head wound required medical treatment, and he has continued to suffer with medical issues stemming from this injury. In addition, the victims' residence was heavily damaged by the gun fight; they incurred expenses for hotel stays and new furniture. All three have suffered psychologically, for example battling anxiety, depression, and post-traumatic stress disorder, as a result of being the victims of a violent crime.

*Id.* at 1-2. Since the Court denied Johnson's last motion, there have been no significant changes to the statutory requirement for restitution or Johnson's ability to pay.

The restitution award in this case was required by statute, was properly imposed by this Court, and will not be disturbed. Accordingly, Johnson's motion to modify sentence to reduce or waive restitution owed [Record Document 735] is hereby **DENIED**.

**THUS DONE AND SIGNED** this 15th day of October, 2024.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE