**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

---

UNITED STATES OF AMERICA

VERSUS

LONNIE D. JOHNSON

CRIMINAL NO. 17-0173 (04)

JUDGE ELIZABETH E. FOOTE

MAGISTRATE JUDGE HORNSBY

---

**MEMORANDUM ORDER**

Before the Court are two *pro se* motions filed by the Defendant, Lonnie D. Johnson ("Johnson"). In the first motion, Johnson requests free copies of Court documents. *See* Record Document 773. In the second motion, Johnson requests permission to appeal *in forma pauperis. See* Record Document 774.  The Court will address each in turn.

Johnson states that copies of the trial transcripts, sentencing transcript, and indictment are necessary to assist him "in drafting a *pro se* motion for direct appeal; 28 U.S.C. § 2255 motion, supreme court petition." Record Document 773 at 1. Johnson previously filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* Record Document 629. The Court carefully considered Johnson's motion. On March 14, 2025, the Court issued a lengthy Memorandum Ruling denying Johnson's 28 U.S.C. § 2255 motion. *See* Record Document 759. Johnson did not appeal this Court's denial of his 28 U.S.C. § 2255 motion to the United States Court of Appeals for the Fifth Circuit. Now, a year later, Johnson seeks copies of the trial transcripts, sentencing transcript, and indictment for a "direct appeal" and/or the filing of a 28 U.S.C. § 2255 motion. *See* Record Document 773.

"[A] federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent." *United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir. 1973). Transcripts are available upon request from the court reporter for a fee. To succeed on a motion for the production of transcripts at the government's expense for proceedings brought under 28 U.S.C. § 2255 a defendant must satisfy the criteria of 28 U.S.C. § 753(f), which requires that a "trial judge or circuit judge certif[y] that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or on appeal." 28 U.S.C. § 753(f).

This Court previously determined that Johnson's 28 U.S.C. § 2255 motion presented no constitutional issues that would require the Court to vacate, set aside, or correct his sentence. *See* Record Document 759. The Court also denied a certificate of appealability, noting that Johnson had failed to demonstrate a substantial showing of the denial of a constitutional right. *See id.* at 51. Johnson's motion presents no additional issues for the Court to consider. Rather, Johnson states that he cannot determine if there were constitutional violations without "first looking through the transcripts and records being sought . . . ." Record Document 773-1 at 1. This type of request is insufficient. A request for transcripts made merely for the purpose of searching for constitutional violations does not meet the requirements of 28 U.S.C. § 753(f).  Additionally, Johnson's criminal conviction is final, and the Court has already denied Johnson's prior 28 U.S.C. § 2255 motion, which Johnson did not appeal. This limits the usefulness of other Court documents, and Johnson has not demonstrated a need for the documents.  Accordingly,

Johnson's motion for free copies of transcripts and Court documents [Record Document 773] is **DENIED**.

Johnson also submitted a motion for permission to appeal *in forma pauperis* and an associated affidavit. *See* Record Document 774. The Court believes this motion and affidavit were filed as proof of Johnson's financial status to support his other motion. Because the Court has denied Johnson's motion for free transcripts and Court documents, Johnson's motion for permission to appeal *in forma pauperis* [Record Document 774] is **DENIED AS MOOT**.

**THUS DONE AND SIGNED**, this _____ 4th day of ~~April~~ May, 2026.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE