**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 17-0173 (04) |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| LONNIE D. JOHNSON | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM ORDER

Before the Court is a motion to waive restitution filed by the Defendant, Lonnie D. Johnson ("Johnson"). *See* Record Document 792. Therein, Johnson requests that the Court waive the restitution obligation ordered in his case due to his inability to pay. *See id.* at 1. In addition, Johnson argues that the Court's restitution order requiring immediate payment is invalid because it was issued without regard to his financial circumstances and implicitly delegates to the Bureau of Prisons ("BOP") the Court's responsibility to schedule payment of restitution. *See id.* at 2. Finally, Johnson states that he is being forced to participate in the BOP's Inmate Financial Responsibility Program ("IFRP"). *See id.* The Court notes this is Johnson's third request to waive the restitution order in his case. *See* Record Documents 684 & 735.

At Johnson's sentencing hearing in 2019, the Court ordered Johnson to pay restitution in the amount of $108,130.00 to three victims of his violent acts: $10,000.00 to CJ, $42,400.00 to DJ, and $55,730.00 to TJ. *See* Record Document 471 at 5. The restitution order is a joint and several obligation between Johnson and his co-Defendant Demarcus Morris. *See id.* at 6. The judgment also reflects that the Court waived interest

on the restitution award. *See id.* at 5. Johnson's conviction and the Court's restitution award were affirmed by the Fifth Circuit. *See* Record Document 609.

On two prior occasions the Court has explained to Johnson that the restitution order in his case was statutorily mandated by the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. *See* Record Documents 685 & 736. Restitution is mandatory for certain offenses when identifiable victims have suffered physical injuries or pecuniary losses. *See* 18 U.S.C. § 3663A(a)(1) and (c)(1). The Court will once again describe the facts supporting its order of restitution:

> Johnson and Morris were responsible for attempted murder and attempted robbery in a home invasion. During that crime, Johnson and a co-conspirator entered the victims' residence, where the three victims and two small children were present; they pointed their guns at the occupants and demanded money. After TJ managed to arm himself, Johnson and the co-conspirator opened fire in the living room. One of the intruder's shots grazed TJ's head. TJ fired back, managing to hit both intruders. Johnson's co-conspirator died in the living room, while Johnson fled.
>
> TJ's head wound required medical treatment, and he has continued to suffer with medical issues stemming from this injury. In addition, the victims' residence was heavily damaged by the gun fight; they incurred expenses for hotel stays and new furniture. All three have suffered psychologically, for example battling anxiety, depression, and post-traumatic stress disorder, as a result of being the victims of a violent crime.

Record Document 736 at 2.

The Court first addresses Johnson's statement that (1) the Court failed to consider his lack of financial resources at the time restitution was ordered, and (2) he remains financially unable to pay restitution. *See* Record Document 792 at 1. At the time the restitution award was ordered, Johnson did not have financial resources and denied having any assets. This is reflected in the Presentence Report and was considered by the

Court at the time restitution was imposed. *See* Record Document 475 at 23, ¶ 106. However, the Court was required to award restitution pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, based on Johnson's crime of conviction. Since that time, there have been no significant changes to the statutory requirement of mandatory restitution or in Johnson's financial ability to pay said restitution. As such, the Court will not waive or modify the restitution order based on Johnson's financial status.

Next, the Court addresses Johnson's argument that its restitution order requiring immediate payment is invalid because it improperly delegates the Court's responsibility to set a payment schedule to the BOP. *See* Record Document 792 at 2. In making this argument Johnson relies on a Ninth Circuit case, *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). Johnson's reliance on *Ward* is misplaced. In *Ward*, the Ninth Circuit concluded that a district court impermissibly delegated its obligation to set a payment schedule to the BOP when the Court ordered immediate payment of restitution without specifying a payment schedule. *See Ward*, 678 F.3d at 1052. However, *Ward* is not a controlling case in the Fifth Circuit. Indeed, the Fifth Circuit has recognized that a judgment is not required to contain a schedule of restitution payments to be made during a defendant's incarceration. *See United States v. Miller*, 406 F.3d 323 (5th Cir. 2005); *United States v. Tarnawa*, 26 F.4th 720, 722 n.2 (5th Cir. 2022).

Finally, the Court addresses Johnson's concerns regarding the manner in which his facility is handling the restitution order through the IFRP. To the extent Johnson seeks intervention in the payment schedule set forth by his facility's IFRP, this Court lacks jurisdiction to grant his request. *See United States v. Poff*, No. 23-20209, 2024 WL

1478881, at *2 (5th Cir. Apr. 5, 2024). IFRP is a program administered by the BOP. A challenge to BOP administrative programs must be filed under 28 U.S.C. § 2241 in the district of incarceration after all administrative remedies have been exhausted. *See United States v. Diggs*, 578 F.3d 318, 319-20 (5th Cir. 2009). Johnson is currently housed at Atwater USP in Atwater, California. As such, any challenge by Johnson to his facility's administration of IFRP must be brought through a 28 U.S.C. § 2241 petition in the district where he is incarcerated, the Eastern District of California.

As stated by the Court in its previous orders, the restitution award in this case was required by statute and properly imposed by the Court. Accordingly, Johnson's motion to waive restitution [Record Document 792] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 23rd day of November, 2026.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE